Curia.

If the legislature had intended that the action should be brought, in all.cases, to the court next succeeding the notice, they would have used more explicit language ; as they had done in the statute of 1786, c. 21, which was cited in the argument. The requirement of the statute, that the action shall be commenced “ as speedily as the same can be done,” will always protect executors and administrators against unnecessary or unreasonable delay.
If the statute had required that it should always be commenced at the next court, it might often prove highly injurious to the creditor, without any important advantage to the executor or administrator. If the creditor lived in a remote part of the state, as in the case put by the plaintiff’s counsel, he might have notice so late that it would be impossible to commence his- action at. the next court; so, if he received notice on the evening of the last day of service, and lived at a distance from any attorney who could make out a writ, or from any officer who could serve it, — or if the creditor should die immediately after receiving notice, and before he had opportunity to sue out a writ, — in these, and perhaps in many other cases, although the action should not be brought to the next court, it might still be brought * as speedily as it could be done, within the true intent of the statute.
The intention of the legislature was, that it should be done as speedily as possible, having regard to the place of residence, and other circumstances of the parties. These circumstances may be the subject of evidence in each particular case; and the creditor would no doubt be held to show a clear necessity for delaying his action beyond the next term. But we cannot say that no such circumstances can ever exist; and that the creditor will be barred, in all cases, unless his action is brought at the first term next following the notice.
The plaintiffs are not barred by the statute of limitations. The six years had not expired at the death of the testator; the plaintiffs, therefore, had two years, after the grant of administration, within which to commence an action against the defendant, (Stat. 1793, c. 75.) Before it was necessary for them to commence an action, and before they could regularly do it, according to Stat. 1788, C; 66, that is, within one year after the defendant undertook his trust, he nod represented the estate to be insolvent. This again prevented *407 the p.aintiffs from commencing an action at law, and they were compelled to present their claim to the commissioners for allowance. They did so present it within the time prescribed by law, and by the order of the judge of probate. It is therefore clear that their claim was not barred by the statute of limitations, when it was first laid before the commissioners.
The proceedings in the present action are in the nature of an appeal from the adjudication of the commissioners. (6) The question to be tried is, whether they ought, or ought not, to have allowed the plaintiff’s claim; and it is to be tried here on the same principles on which it was, or ought to have been, tried before the commissioners. The presenting of the claim to them was virtually the commencement of this action.
* But it seems unnecessary to resort to any subtile or technical reasoning, to take this case out of the statute of limitations. The action is maintainable under the express provisions of the statute of 1784, c. 2., for the distribution of insolvent estates. By that statute the creditor is prohibited from bringing his action at law in the first instance ; but if his claim is disallowed, or is objected to by the executor, he is authorized to commence the action, without regard to the time that may have been consumed in the Probate Court, or before the commissioners. The only limitation as to time is, that it shall be done as speedily as can be after the report of the commissioners, and after notice of the dissatisfaction of either party.
Upon the other construction of the statutes, the most absurd and injurious consequences might follow. ' The executor or administrator may omit to represent the estate insolvent, until near the end of the first year: the commission may then be kept open eighteen months, so that the two years will have expired ; the administrator may, without even any pretence of a legal defence before the commissioners, object to the allowance of such a claim, and require it to be struck out, unless the creditor shall commence and prosecute his action at law; and when the action is commenced accordingly, and as soon as possible after the notice, the administrator may object that it comes too late, and that the creditor is already barred by the statutes of limitation.
The plaintiffs’ replication to the first plea in bar is adjudged good ; and the defendant’s rejoinder to the plaintiffs’ replication to the second plea in bar is adjudged bad. (a)

 Vide 13 Mass Rep. 537, Dodge & Al. vs. Breeds Adm.

 If the proceedings are to be regarded, as the Court say they are, in the nature of an appeal from the decision of the commissioners, it would seem most conformable *408 to the language of the act, and to analogous cases, to require the action to be brought to the next court to which it can be brought after the expiration of twenty days aftei the report of the commissioners. Otherwise, the suit would not be brought so soon as it could be done.