Parker C. J.
drew up the opinion of the Court. These pleadings require a construction of St. 1784, c. 2, upon a point not heretofore brought directly before the Court for their consideration. By the proviso to the statute it is enacted, “ that notwithstanding the report of any commissioners, any creditor, whose claim is wholly or in part rejected, may have the same determined at the common law, in case he shall give notice thereof in writing at the probate office, within twenty days after such report shall be made, and bring and prosecute his action as soon as may be ; and in case the executor or administrator shall be dissatisfied with any creditor’s claim allowed by the commissioners, and shall give notice thereof at the probate office, and also to the creditor, within twenty days as aforesaid, such claim shall by the judge of probate be struck out of the commissioners’ report, unless such creditor shall commence and prosecute at the common law his claim as aforesaid as speedily as the same can be done, or unless the creditor and the executor or administrator shall agree before the judge to submit the same to reference ; in which case the determination of the referees shall be final: and when a claim shall be disputed in the course of the common law as aforesaid, execution shall not issue as in common cases, but the judgment of the court respecting the same shall be the amount of the claim, and added to or deducted from the commissioners’ report, as the case may require.”[1]
It appears to be the plain intent and meaning of the legis *223 /ature in this proviso, to give final and conclusive effect to the report of commissioners on insolvent estates, only reserving to the party who may be dissatisfied therewith, his constitutional right to a trial by jury, of which they could not divest him, however desirable it might be to have a more expeditious settlement of such estates than can be had if the claims against them could be adjusted only in a court of law. And they reserve this right of proceeding at law only to the party who shall seasonably express his dissatisfaction with the report of the commissioners, and shall immediately, or as soon as may be, commence and prosecute his suit. The administrator is at liberty, either to file in set-off before the commissioners the claims in favor of the estate against the creditor, or to commence his action at law to recover those claims ; in which latter case the creditor may file his claims in set-off against the estate, according to the case of MiDonald, appellant, v. Webster, cited in the argument. But if the administrator elects to file his claim in set-off against the claim of the creditors, before the commissioners, he cannot afterwards commence his suit at law, unless under the provision of the statute he gives notice at the probate office that he is dissatisfied, in order that the creditor’s claim may be struck out, unless the creditor will prosecute the same in one of the ways therein prescribed, namely, by a reference or a suit at law. The report of the commissioners is binding both upon the administrator and the creditor, unless they appeal therefrom to the common law tribunals, or submit the claims to reference. But the plaintiff’s counsel argues, that because the defendant did in fact appeal from the decision of the commissioners, and did commence and prosecute his action at common law, in which action, by the subsequent nonsuit, he was prevented from filing the claims in favor of the estate, he is also liberated from the report of the commissioners, and is restored to his action at law against the defendant; in other words, that all the proceedings before the commissioners and in the probate office, in relation to this claim, are annulled. But we do not think this a correct construction of the statute ; the right of proceeding at law is given only to the party who shall be dissatisfied, and the object of the suit is to correct *224 the proceedings of the commissioners. The report is to remain unaltered, in the probate office, until the decision of the suit at law, and then is to be corrected by the judgment on the action. [1] If the creditor should, after giving notice, fail to prosecute his suit as soon as may be, which would probably be held to be at the next term of the court,[1] the report will he acted upon definitively by the judge; and_ if he should prosecute, and happen to recover the same sum as the commissioners allowed him, which is likely to be the case where he recovers at all, if his claim should be on a promissory note or other written contract, the report will stand unaltered, and the decree of the judge be founded upon it. So that the appeal does not annul the report; it only suspends its force and operation until the suit is determined, or until the creditor has lost his right to prosecute it. It would seem then, that in order to entitle an administrator, who has filed his claims against a creditor, to waive the decision of the commissioners and prosecute an action at law, he should do what the statute requires, that is, file the notice of his dissatisfaction with the report within the time prescribed, in order that the judge may know that he is not to proceed upon the report, if the creditoi should fail to prosecute his suit as required. If the administrator believes, that upon an adjustment of the mutual claims, there is a balance due to the estate, instead of filing his claims in set-off against the creditor’s demand, he should bring his action at law ; and then the creditor, although he may have had his claim allowed by the commissioners, would have a right to prove it in set-off,[2] otherwise he would be obliged to pay the whole of his debt, when he might have but a small dividend on his claim ;[3] but if the administrator chooses to submit the claims in favor of the estate in set-off, and the commissioners find a balance due to the estate, as that balance cannot be recovered under the report of the commissioners, they will only reject the ■ claim of the creditor, and he may take the measures prescribed by the statute, to institute his *225 suit at law ; and in such case, in order to recover the balance due to the estate, the administrator may bring his action at law upon the demand, and the defendant will be allowed his set-off, as before stated. But if the balance appear against the estate, the finding of the commissioners to that effect is conclusive, unless appealed from in the mode provided by the statute.

Replication adjudged bad.

 See Revised Stat. c. 68, § 8, et seq.

 See Burns v. Fay, 14 Pick. 11.

 Revised Stat. c. 68, § 9. See Guild v. Hale, 15 Mass. R. 455

 See Wright v. Dunham, 9 Pick. 37; Revised Stat. c. 96, § 12.

 See Jarvis v. Rogers, 15 Mass. R, 407; Knapp v. Lee, 3 Pick. 460.