JANE L. ALDEN *vs.* DWIGHT M. STEBBINS, administrator.

The receipt by an administrator of the proceeds of real estate included in his inventory sold by leave of the probate court to pay debts and charges more than two years after the time of his giving bond; and of rents accruing on the real estate up to the time of the sale; is not a receipt of new assets on account of which he is liable to an action by a creditor of his intestate, which is otherwise barred by the Gen. Sts. *c.* 97, § 5.

CONTRACT, commenced April 9, 1867, on an account for wages due from the defendant's intestate, Ruby Carter, in his lifetime, and money paid for said Ruby's funeral expenses; submitted to the determination of the full court on agreed facts, of which the following are all that are material.

Carter died March 28, 1864. The defendant was appointed administrator September 27, 1864; gave bond and took his letters of administration on October 15 next following; gave due notice of his appointment and made return thereof within one year afterwards; included the real estate of the intestate in his inventory; filed an account in December 1866, showing a balance of personal assets in his hands; obtained leave of the probate court in January 1867 to sell the real estate to pay debts and charges; sold the same and received the proceeds; and received also fifty dollars for rents of the real estate before the time of the sale. The plaintiff made claim on him in September 1866 for the payment of the account in suit; which claim he refused.

The defendant contended that (the action not having been commenced within two years from the time of his giving bond) the special statute of limitation of suits against executors and administrators, Gen. Sts. *c.* 97, § 5, was a bar to the action· and the plaintiff contended that the proceeds of the sale and the rents were new assets, within the meaning of § 6, on account of which the defendant was liable.

*J. H. Blair,* for the plaintiff.

*J. G. Allen,* for the defendant, was not called upon.

WELLS, J. The case of *Chenery* v. *Webster,* 8 Allen, 76, is decisive against this action. The real estate in question was

inventoried, and, by statute, was assets for the payment of debts, to be converted and applied in the mode which the statute prescribes. If the plaintiff had sued her demand within the two years limited for that purpose, the defence of *plene administravit* could not have been maintained. *Hildreth* v. *Marshall,* 7 Gray, 167.

The fifty dollars received for rent after the two years had expired does not appear to be "assets" at all, but to belong to the heirs; and so must the real estate also, unless there was some fact to authorize the sale, which does not appear in this statement. But the plaintiff's right to recover does not depend upon the validity or invalidity of the sale. She is barred by the statute; and, if she can have any remedy, it must be under the St. of 1861, *c.* 174. *Judgment affirmed.*