ELIZABETH S. AIKEN *vs.* ASA P. MORSE &˙ another.

Two commissioners, appointed to take proof of claims against the estate of a deceased person, which had been represented insolvent by the administrator, allowed some claims but never made return. Several years after the death of one of them, the administrator procured the appointment of another commissioner, and filed a bill in equity to redeem land mortgaged by the intestate and in which the mortgagee had acquired the title of the widow and heirs. The commissioners then again took proof of claims, and finally returned a schedule of the debts of the intestate. *Held,* in the suit in equity, that, as against the mortgagee holding the title of the widow and heirs, in the absence of any allegation or evidence on the subject, there was no presumption that the administrator did not give legal notice of his appointment; nor, in a like absence of allegation and evidence, any presumption that claims, allowed by the second board of commissioners additional to those allowed by the first board, were ever presented to the first board.

The institution of proceedings in insolvency against the estate of a deceased person does not suspend, in favor of the creditors, the special statute of limitations of actions against the administrator, Gen. Sts. *c.* 97, § 5, nor prolong his lien on the real estate of the intestate for the payment of debts.

BILL IN EQUITY filed March 7, 1868, against Asa P. Morse and George W. Blood by the administratrix of the estate of Calvin Aiken, who died in Boston December 25, 1860, to redeem

land on Essex Street in Boston from a mortgage made in 1857 to Morse by the intestate and of which he died possessed of the equity of redemption. The case was reserved by *Ames*, J., for the determination of the full court, on the bill, answers and agreed facts, and is stated in the opinion.

*C. A. Welch & W. P. Walley*, for the plaintiff.

*R. M. Morse, Jr., & R. Stone, Jr.*, for the defendants.

WELLS, J. This is a bill in equity to redeem certain lands of the plaintiff's intestate from mortgage. It was brought before the expiration of three years after the entry of the mortgagee to foreclose. The administratrix is authorized to bring such a suit, as well as the heirs or devisees of the deceased mortgagor. Gen. Sts. *c.* 140, § 32. When the suit is brought by an administrator, the redemption secured thereby will enure exclusively to the benefit of the widow and heirs, or their assigns, unless the land is required to be sold for the payment of debts with which it is chargeable, as assets of the estate. If there are no such debts, or if there are other sufficient assets, the right of the administrator to redeem must rest upon the interests of the widow and heirs ; and will be defeated or discharged by whatever will defeat or discharge those interests.

In this case, the widow has released all her interest in the land to the mortgagee. The heirs have also conveyed their title, and the same is now held in trust for the mortgagee, by the other defendant, Blood. The right of redemption is therefore gone, so far as it can be released by the widow and heirs. The administratrix cannot maintain a bill in equity to redeem land for the benefit of the legal title which Blood holds in trust for the mortgagee himself.

In order therefore to maintain this suit, the administratrix must show that there was a subsisting lien, in favor of creditors of the estate, which would entitle her to make a sale of this land, by license of court, for the purpose of converting it into assets for the payment of those debts. This she fails to do.

The only debts, shown to be outstanding against the estate, are those contained in a list reported by commissioners in May 1869, more than eight years after the plaintiff's appointment as

administratrix. The original representation of insolvency was made at the end of one year from her appointment, namely, February 10, 1862. The commissioners, then appointed, made no return, and one of them died in December 1862. At the time of commencing this suit, March 7, 1868, application was made by the administratrix to the probate court for the appointment of another commissioner to fill the vacancy; and one was appointed November 9, 1868. The plaintiff contends that the report of the commissioners is conclusive of the existence of the debts reported; and, as the insolvency superseded or suspended all other means of enforcing their claims, that the lien of the creditors remains.

The report is not conclusive against the heirs, nor against the defendants, having purchased the interest of the heirs, to show that the lien for those debts still subsists against the real estate. *Allen, petitioner,* 15 Mass. 58. *Heath* v. *Wells,* 5 Pick. 140. *Hudson* v. *Hulbert,* 15 Pick. 423. *Thayer* v. *Hollis,* 3 Met. 369. *Bascom* v. *Butterfield,* 1 Met. 536. So far as it may affect them collaterally, they are entitled to meet it by such facts as will show that it cannot operate to charge their estates. *Downs* v. *Fuller,* 2 Met. 135. *Leonard* v. *Bryant,* 11 Met. 370. From the testimony and agreed facts, it appears that all the claims that were proved and allowed before the commissioners first appointed have been purchased and discharged by the defendant Morse.

The plaintiff contends that the other debts, now outstanding, may have been presented before the commissioners and not allowed; so that the claimant would be precluded from bringing any suit thereon under the Gen. Sts. c. 99, §§ 20, 25, and could only appeal after the final return of the commissioners, under § 8. *Merriam* v. *Leonard,* 6 Cush. 151. If the fact were so, presenting the claims to the commissioners would be the commencement of proceedings for their final allowance on appeal, as effectual to take them out of the statute of limitations, Gen. Sts. c. 97, § 5, as if they had been allowed by the commissioners. But against the heirs, and against these defendants having their interest, we are not to presume the existence of so important a

fact, in the absence of any allegation in the bill, or evidence to establish it. Its omission from the agreed statement, which contains the testimony of the surviving commissioner, Torrey, as to the claims proved and allowed by them, affords a strong presumption against its existence as a fact. The burden is upon the administratrix to show all the necessary facts upon which to charge the real estate with these debts. *Bascom* v. *Butterfield,* 1 Met. 536. The same consideration applies to the suggestion that it does not appear that notice of her appointment was given by the administratrix. Her neglect to give the notice will not be presumed in her own favor, to sustain proceedings for the disturbance of rights apparently absolute. If, in fact, the notice had not been given, and the administratrix were therefore still liable for these debts, her neglect might deprive her of the right to be indemnified by a sale of the land after so material a change in the condition of the estate; especially when she herself took part in effecting that change, and participated in the benefits derived therefrom. *Forward* v. *Forward,* 6 Allen, 494.

But aside from the question of discretion in the court, in case of laches, there is no jurisdiction or authority to order a sale, if the debts are in fact barred by the statute. Neither this proceeding nor the license to sell, if obtained and executed, will preclude the heir from defeating the sale by showing that in fact the lien had expired; nor will it entitle the administratrix to pay, or the creditor to receive payment of his debt. *Heath* v. *Wells,* 5 Pick. 140. *Hudson* v. *Hulbert,* 15 Pick. 423. *Lamson* v. *Schutt,* 4 Allen, 359. *Alden* v. *Stebbins,* 99 Mass. 616. Whoever seeks the action of a court in his behalf must show all facts upon which the power invoked depends. As the redemption, sought in this case, is required and justified only for the purpose of a sale under license of court, the petitioner should be held to the same proof as would be necessary to warrant a decree for such a sale.

Regarding these claims, then, as having been presented to the commissioners for the first time after the new appointment in November 1868, the question is, whether they were barred by

the statute limiting suits against executors and administrators, Gen. Sts. *c.* 97, § 5, so that no lien remained upon the real estate, which would enable the administratrix to make a valid sale under license, and to have redemption for that purpose. The plaintiff contends, that, as proceedings in insolvency suspend, and in the event of actual insolvency ultimately appearing absolutely bar the prosecution of all claims otherwise than through those proceedings, they must also suspend the statute of limitations and preserve the lien upon real estate, in favor of all debts which shall be allowed by the final return of the commissioners, or upon appeal therefrom. This would be in effect to hold the representation of insolvency and the appointment of commissioners as the commencement of proceedings in behalf of all creditors, without regard to the time when the individual creditor should commence his suit by presenting his claim for proof. But it is clear from the statutes that such is not the intent of the provisions relating to insolvent estates of persons deceased. Those provisions change the mode in which the creditor may prosecute his claim; but do not in any way relieve him from the limitation which restricts his right to proceed and to hold the administrator to answer, to the period of two years from the giving of the bond. The presentation of his claim to the commissioners by the creditor is the commencement of his proceedings or suit for its enforcement against the estate; and the statute applies to a proceeding in that mode as well as to a suit at law. *Guild* v. *Hale*, 15 Mass. 455. *Freeman* v. *Ward*, 16 Pick. 201. *Hunt* v. *Spaulding*, 18 Pick. 521.

The provision for allowance of further time for creditors to present and prove their claims, in Gen. Sts. *c.* 99, § 4, and St. 1863, *c.* 217, and that for the appointment of a new commissioner and a still further allowance of time, in St. 1868, *c.* 327, do not necessarily imply an extension of time beyond the two years to which the liability of the administrator is limited. It may sometimes be necessary that the time for investigating claims presented, completing the proofs and making the return thereof, should extend beyond the two years; but there is nothing in these provisions which indicates an intention that the creditor is

to be relieved from his obligation to commence his proceedings, either at law or before commissioners, within the two years pre-scribed by the general statute limitation; except in case of con-tingent claims provided for in Gen. Sts. *c.* 99, § 6, and in case of further assets, § 21. The provision of § 25, which revives the right to sue at law, at the end of eighteen months from the appointment of the administrator, notwithstanding the pendency of proceedings of insolvency, (with precautions to protect the estate from the disturbance of its distribution in case it proves to be insolvent in fact,) is an indication or recognition that the running of the statute of limitations is not interrupted by the representation of insolvency and the appointment of commis-sioners. Under the St. of 1868, *c.* 327, a new commissioner may undoubtedly be appointed, (even after the expiration of two years,) and the commission will be open for the purpose of "taking proof of claims and making returns thereof." But the powers and duties of a commissioner, under such an appoint-ment, are only the same "as if he had been originally ap-pointed." The right of a creditor to commence the prosecution of a claim by presenting it for the first time before such a com-mission, after the time of the statute limitation has expired, is not given by this statute, nor by any of the provisions for the allowance of further time to the commissioners. We are of opinion that in no case can a claim be allowed, which is first presented after the two years have expired, unless authorized under the Gen. Sts. *c.* 99, §§ 6, 21.

The allowance of these claims was too late, even as debts originally contingent; and the real estate in question is not "further assets" in the sense of the statute, § 21. *Alden* v. *Steb-bins,* 99 Mass. 616. *Chenery* v. *Webster,* 8 Allen, 76. The case of *Ostram* v. *Curtis,* 1 Cush. 461, relied on for the plaintiff, estab-lishes the principle, that, when a commission has been opened upon the ground that further assets have "come to the hands" of the administrator, and the commissioners receive proof and make return of additional debts, upon appeal from their allow-ance it is not open for the administrator to object that there were in fact no "further assets;" nor that the claims had been

barred by the statute of limitations against executors and administrators. But in this case the commission was not opened on the ground of "further assets," but merely to enable a new commissioner to join in taking the proofs and making the return. And even in a case of "further assets," the claims offered for proof are not taken out of the operation of the statute of limitations for general purposes, but only in respect to such new assets; as in case of solvent estates. Gen. Sts. *c.* 97, § 6. *Holland* v. *Cruft*, 20 Pick. 321. *Chase* v. *Redding*, 13 Gray, 418.

As the administratrix fails to show the existence of any debts for which there remained a lien upon real estate of the intestate, and which would authorize her to convert it into assets for their payment, she fails to show any right to deal with the equity of redemption adversely to the interests of the heirs and their assigns. *Lamson* v. *Schutt*, 4 Allen, 359. She is therefore not entitled to maintain this bill for its redemption.

*Bill dismissed.*