:HULDAH M. LITTLEFIELD *vs.* JOSEPH D. EATON, administrator.

York. Opinion March 10, 1883.

*Executors and administrators. Statute of limitations. New assets.* R. S., c. 87, §§ 12, 13.

An administrator cannot waive the special statute of limitations provided by R. S., c. 87, § 12, as amended by stat. 1872, c. 85, and no promise on his part ιcan revive a claim thus barred, or prevent its barring an action on a claim not presented or prosecuted within the time therein appointed.

As a general rule no property can be considered new assets within the provisions of R. S., c. 87, § 13, which has been in the hands and under the control of the administrator, or has been inventoried or which is the product of such property, although it may have assumed or been converted into a new form.

The earnings of a schooner, or the rent of a farm or mill, or the proceeds of logs and lumber sold from land belonging to the estate, received by the administrator after two years from his appointment, are not new assets when the schooner, farm, mill and land are contained in the inventory. And neither is money hired by the heirs on a mortgage of the intestate's real

estate and turned over to the administrator for the purpose of paying debts against the estate, when he has entered it on his account with the assent of the judge of probate.

ON REPORT.

Assumpsit on two promissory notes against the defendant as administrator on the estate of Jeremiah M. Eaton. His appointment as such administrator was made in January, 1876.

The writ was dated December 1, 1880.

The administrator settled his second account in probate court on the third Tuesday of November, 1880, in which the balance was stated to be five thousand eight hundred ninety-one dollars and twenty-five cents, and in which the administrator gives the estate credit for the following sums :

"Schedule A.

| | | | |
|---|---|---|---|
| 1876. | Received | earnings of schooner ' J. M. Eaton,' | $ 406.86 |
| | " | for use of farm and mill in yr. 1876, | 500.00 |
| 1877, March 15. | " | " abatement of tax in Wells. | 27.00 |
| | " | " use of farm and mill in yr. 1877, | 500.00 |
| | " | " earnings of schooner 'J. M. Eaton,' | 557.60 |
| 1876 and 1877. | " | " logs from Goddard lot in Wells, | 620.28 |
| | " | " oak timber from Jay lot in So. Berwick, | 360.00 |
| May 11, 1877. | " | from Kennebunk Savings Bank, loan to pay debts, | 9645.25 |
| 1878. | " | for lumber sold town of Wells for Daniell Bridge, | 21.51 |
| | " | " lumber sold town of Wells for Eaton Bridge, | 40.00 |
| | " | " earnings schooner ' J. M. Eaton,' | 171.50 |
| | " | " use of farm and mill in yr. 1878, | 500.00 |
| | | | $13,350.00 |

Other material facts are stated in the opinion.

*R. P. Tapley*, for the plaintiff.

A promise as administrator to pay the debt of his intestate need not be in writing and may be sustained upon the consideration of the debt due from the intestate. *Piper* v. *Goodwin*, 23

Maine, 251; *Davis* v. *French*, 20 Maine, 21; 3 Redf. Wills, § 41, p. 314.

The sum received from the heirs by their loan from Kennebunk Savings Bank was to pay the debts of the estate. These two notes in suit were then among the debts of the estate. From the time he received that money he owed the duty growing out of the transaction and the law raises all the promises necessary to support assumpsit.

A trust, a duty, an obligation arose from the moment he received the money in favor of the plaintiff and continued to the time of the commencement of the action.

Nearly all of the items in schedule A of the second account must be regarded as new assets. R. S., c. 64, § 55; *Fay* v. *Taylor*, 2 Gray, 160; *Stearns* v. *Stearns*, 1 Pick. 157.

Hence the special statute of limitations of two years does not apply. R. S., c. 87, § § 12, 13; Stat. 1872, c. 85.

*W. J. Copeland and H. H. Burbank*, for the plaintiff, cited: R. S., c. 81, §§ 79, 93, 96, 88; c. 87, § 12; Stat. 1872, c. 85; *Oakes* v. *Mitchell*, 15 Maine, 360; *Bunker* v. *Athearn*, 35 Maine, 364; *Faulkner* v. *Bailey*, 123 Mass. 588; *Pettingill* v. *Patterson*, 39 Maine, 498; *Lancey* v. *White*, 68 Maine, 28; *Whittier* v. *Woodward*, 71 Maine, 161; *Manson* v. *Gardiner*, 5 Maine, 114; *Brown* v. *Anderson*, 13 Mass. 201; *Emerson* v. *Thompson*, 16 Mass. 429; *Thurston* v. *Lowder*, 47 Maine, 72; *Eaton* v. *Buswell*, 69 Maine, 552; *Rawson* v. *Knight*, 71 Maine, 99; *Millett* v. *Millett*, 72 Maine, 117; *Stevens* v. *Haskell, Idem*, 244; *Marshall* v. *Perkins, Idem*, 343.

VIRGIN, J.   Assumpsit on two promissory notes, dated January 9, 1873, signed by the defendant personally, as principal, and by his intestate, J. M. Eaton, as surety, payable on demand.

The surety, J. M. Eaton, died December 23, 1875, and the defendant was duly appointed and qualified, in January following, administrator on his estate, whereof he gave the proper notice within three months thereafter.

The writ bears date December 1, 1880. The declaration contains two counts on each note — one on an alleged promise

of the administrator as such, and the other on the promise of the intestate in the usual form. In addition to the general issue, the defendant pleads both the general and special statutes of limitation.

The defendant paid from his own funds, both before and after the decease of the intestate, various sums upon each note annually down to 1879, which prevented the notes from being barred by the general statute, as against him, but not as against the intestate. R. S., c. 81, § 93; *Faulkner* v. *Bailey*, 123 Mass. 588.

Had he paid these sums from the funds of his intestate's estate perhaps the result might have been different. *Foster* v. *Starkey*, 12 Cush. 324; *Fisher* v. *Metcalf*, 7 Allen, 210.

On the score of an alleged promise on the part of the defendant, as administrator, to pay the notes, the plaintiff seeks to recover judgment against the estate.

Assuming that the administrator may, by his promise, as such, prevent the general statute from barring the notes; and assuming further (what is very doubtful, *Perley* v. *Little*, 3 Maine, 97; *Oakes* v. *Mitchell*, 15 Maine, 360), that such a promise is satisfactorily proved by the testimony in this case; still the plaintiff is confronted by the special statute bar that, except in specified cases not material to our present inquiry, no action against an administrator, on a claim against the estate, shall be maintained unless commenced within two years and six months after notice is given by him of his appointment. R. S., c. 87, § 12, as amended by Stat. 1872, c. 85.

This provision, except as to the time mentioned, is as old as the state government. Its object and policy are to compel an early settlement of the estates of deceased persons by requiring creditors thereof to prosecute their claims with reasonable diligence, to the end, *inter alia*, that widows and orphans, dependent thereon for subsistence, may realize at as early a day as practicable, what belongs to them. *Thurston* v. *Lowder*, 47 Maine, 78.

In furtherance of its object, this statute has been considered to be a conclusive bar to, and a practical extinguishment of claims

not prosecuted within the time limited; that an administrator cannot waive it, but is bound to plead it; that no promise on his part can revive a claim, thus barred, or prevent its barring an action not commenced within the appointed time. *Scott* v. *Hancock*, 13 Mass. 162; *Brown* v. *Anderson*, 13 Mass. 201; *Thompson* v. *Brown*, 16 Mass. 172; *Emerson* v. *Thompson*, 16 Mass. 429; *Heard* v. *Meader*, 1 Maine, 156; *Manson* v. *Gardiner*, 5 Maine, 108, 115; *Parkman* v. *Osgood*, 3 Maine, 16, 19; *McLellan* v. *Lunt*, 11 Maine, 150; *Nowell* v. *Bragdon*, 14 Maine, 324-5; *Thurston* v. *Lowdry*, 47 Maine, 72, 76; *Waltham Bank* v. *Wright*, 8 Allen, 122; *Bacon* v. *Pomroy*, 104 Mass. 585; *Hodgdon* v. *White*, 11 N. H. 208; Wood on Lim. 389, and cases in note 5; 3 Will. Ex. (6th Am. Ed.) 1904, note *q*, 2061, note *u*, where the authorities in the different states are collected.

In carrying out the logical consequences of this peremptory statute bar, it has been held that an action of debt, commenced after the lapse of the statutory limit, to revive a judgment recovered within it, is barred. *McLellan* v. *Lunt*, 11 Maine, 150; *Pettengill* v. *Patterson*, 39 Maine, 498; that a petition for a license to sell real estate on a claim barred, will not be granted, *Nowell* v. *Nowell*, 8 Maine, 220; *Lamson* v. *Schutt*, 4 Allen, 359; that if granted, it is void, since no lien of the creditor would remain on the real estate, of which the creditor could avail himself. *Riker* v. *Morse*, 104 Mass. 277; *Tarbell* v. *Parker*, 106 Mass. 347; that a levy under a judgment recovered on an action commenced after the limited period, is void as to all persons except the administrator who suffered it. *Thayer* v. *Hollis*, 3 Met. 369; *Amoskeag Man'f'g Co.* v. *Barnes*, 48 N. H. 25, 29; that a sum paid by the administrator to satisfy a judgment thus recovered would not be allowed in his official account. *Hodgdon* v. *White*, 11 N. H. 216; that no disability of the claimant, as by infancy, during the period prescribed, will prevent his claim, if due and payable, from being barred. *Hall* v. *Bumstead*, 20 Pick. 2, 8; and finally, it would seem, that in the absence of any statutory provision excusing the delay or new assets, no remedy exists for the claimant who has failed to avail

himself of his rights during the statute period, whatever may have been the reasons therefor. *Packard* v. *Swallow*, 29 Maine, 458.

The plaintiff's notes are, therefore, barred, unless he has a remedy within the exception specified in the second clause of R. S., c. 87, § 13 as amended by St. 1872, c. 85.

The plaintiff claims that the items specified in schedule " A " in the defendant's second probate account, are " assets," which have " come into the hands of the administrator after said term of two years," within the meaning of § 13. Such assets are commonly denominated " new assets." Assuming, however, (what does not fully appear) that the several items of property therein specified and the money therefor, were received, in fact, by the administrator after the expiration of two years from the notice of his appointment, still our opinion is that they cannot be considered new assets. As a general rule, no property can be considered such, which has been in the hands and under the control of the administrator, or has been inventoried, or which is the product of such property, although it may have assumed or been converted into a new form. Thus, where an intestate's interest in a partnership had been inventoried and sold by the administrator for notes, the notes received by him after the expiration of two years from the notice of his appointment, are not new assets. *Sturtevant* v. *Sturtevant*, 4 Allen, 122.

Nor is money accruing to the administrator, after the decease of the intestate, as royalties, or as proceeds of sales of inventoried patent rights. " It is the product of property included in the inventory ; and, in the same sense as are the increase of stocks and the increase of animals, it was embraced as a potentiality in the valuation of the patent for the invention." *Robinson* v. *Hodge*, 117 Mass. 222.

Nor is property received by an administrator *de bonis* after two years from the date of the original administration, from a surety on the original administrator's bond in satisfaction of an action thereon, for failure of the administrator to account for a part of the estate inventoried — it being the proceeds of the estate embraced in the inventory. *Veazie* v. *Marrett*, 6 Allen, 372.

Nor is money received, after two years, in satisfaction of a judgment recovered by the executor, in a suit pending at the time of his testator's death. *Bradford* v. *Forbes*, 9 Allen, 365.

These decisions dispose of all the items in schedule "A" relating to the "earnings of the schooner" and to the "logs," "timber" and "lumber" sold from certain lots, the "lots" and the "schooner" being found on the inventory.

Nor are rents accruing on real estate sold under a license from the judge of probate for the payment of debts, two years after administration granted, down to the time of sale, new assets. *Alden* v. *Stebbins*, 99 Mass. 616.

Rents belong to the heirs who may enter and take them; yet, if taken by the administrator, they are the proceeds of the real estate, which is assets, (and not new assets) so far as it is necessary for the payment of debts, charges, etc. *Stearns* v. *Stearns*, 1 Pick. 157; *Chenery* v. *Webster*, 8 Allen, 76; *Alden* v. *Stebbins*, *supra*.

These cases dispose of the sums received as by schedule "A" for the "use of the farm and mill," the "farm and mill" being embraced in the inventory.

The only remaining item in schedule "A" is the sum received "from savings bank loan to pay debts." But this money cannot be considered new assets, on the ground that it is analogous to the avails of real estate sold under a license from the judge of probate, and hence, in substance, it is the proceeds of original assets. *Chenery* v. *Webster*, 8 Allen, 76.

The real estate was liable to be sold by license, for the payment of debts. The heirs and owners of the real estate, to prevent such sale, mortgaged it to the bank, procured the loan, turned it over to the administrator and it was accepted by the administrator for the purpose, and entered on his account with the approbation of the judge of probate. "The money thus received," says SHAW, C. J., "is, in a certain sense, the proceeds of the estate liable for the charges and convertible into money, as if sold by license, and then it would certainly be assets. . . It is true that the money contributed was never the money of the testator; but it was paid to redeem property, which had been

the property of the testator, bound by law for the payment of debts and legacies." *Fay* v. *Taylor*, 2 Gray, 154, 160.

So far as the question of estoppel is concerned, the estate would not be affected.

Neither can the estate be holden for money put into the hands of the administrator by the heirs. He will be held to account for it as he would for the avails of real estate sold under a license. He cannot be held, however, on any implied promise arising for the receipt of such money, for various reasons, among which is there is no count in the declaration on which such a promise can be sustained.

For the extreme hardship of this result on the part of the plaintiff, we perceive no remedy, unless it shall be found in the future " compunctious visitings " of the defendant and his co-heirs of the present existence of which this record discloses no evidence. The entry must therefore be,

*Judgment for the defendant.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.