BENJAMIN A. SHUTE, executor, *vs.* JOHN F. O. WILKINS, administrator.

Norfolk.    December 11, 1894. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Proceeds of a Mortgage not new Assets of an Estate.*

If, ten years after the appointment of an administrator of an estate consisting of real and personal property, the heirs at law, of whom the administrator is one, make without license of court a mortgage of certain land of which the intestate died seised, and which was included in the administrator's inventory and the proceeds of which are included in the administrator's account as an item with which he charged himself, such proceeds are not new assets within the meaning of Pub. Sts. c. 136, § 11.

CONTRACT, by the executor of the will of Nancy Whitcomb, against the administrator of the estate of Cassander S. Wilkins, upon two promissory notes, which were as follows:

" $1,000. Boston, March 3, 1875. For value received I promise to pay to the order of Mrs. Nancy Whitcomb one thousand dollars, with interest. C. S. Wilkins."

"$500.　Boston, January 13, 1875.　For value received I promise to pay to the order of Mrs. Nancy Whitcomb five hundred dollars, with interest.　C. S. Wilkins."

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, which appear in the opinion.

*L. W. Howes & S. W. Hatheway,* for the plaintiff.

*A. P. Worthen,* for the defendant.

FIELD, C. J.　It is conceded that this action is barred by the special statute of limitations, Pub. Sts. c. 136, § 9, unless the money received from mortgaging the land in Newton is new assets, within the meaning of Pub. Sts. c. 136, § 11.　Cassander S. Wilkins died on April 21, 1881, intestate; the defendant was appointed administrator, and filed his bond on May 2, 1881. He must have given due notice of his appointment, for the agreed facts find that on April 14, 1884, he filed an affidavit of notice of his appointment, by leave of court.　Pub. Sts. c. 132, §§ 1, 2, 3.　The estate consisted of real and personal property.　In February, 1891, the heirs at law, of whom the defendant was one, made a mortgage of certain land in Newton, of which the intestate died seised, and which was included in the inventory.　On this mortgage they obtained a loan of $2,500, which was included in the account which the defendant rendered as said administrator as an item with which he charged himself.　At the time when they made this mortgage this land could not have been sold by the defendant as administrator by license of court to pay debts, and there is nothing to indicate that the personal estate of the deceased was not more than sufficient to pay all debts and charges of administration.　The mortgage was not made by leave of court.

The proceeds of this mortgage are not assets of the estate at all, and are not liable to be taken or used to satisfy the debts of the deceased.　The proceeds of the mortgage belong to the heirs personally.　The fact that the defendant erroneously included these proceeds in his final account, which seems to have included a great many items relating to real estate of which he may have been the agent of the heirs, does not enlarge the rights of the plaintiff.　*Alden* v. *Stebbins,* 99 Mass. 616.

*Judgment for the defendant affirmed.*