## OTIS J. TARBELL *vs.* ABIGAIL V. PARKER.

An administrator, a few days before the expiration of two years from the date of his giving bond, represented the estate of his intestate as insolvent; but commissioners of insolvency were not appointed till after the expiration of the two years, and no creditors had then begun suits against the administrator. *Held,* that a license subsequently obtained from the probate court, for a sale of the real estate of the intestate for the payment of debts, was void.

BILL IN EQUITY filed April 13, 1870, to redeem land in Pepperell from a mortgage. At the hearing, before *Ames,* J., by whom the case was reserved for the determination of the full court, the following facts appeared :

Samuel A. Jewett, being the owner of the land, gave the mortgage to Charles F. Parker, and in December 1858 died intestate. The defendant, who was his widow, was duly appointed administratrix and gave bond February 1, 1859. She gave notice of her appointment as required by the Gen. Sts. *c.* 97, § 1, entered upon the administration of the estate, and on January 8, 1861, represented it as insolvent. No suits were begun by creditors of the intestate against the administratrix within two years after her giving bond. The commissioners of insolvency were appointed in August 1861, and they filed their return in February 1863, but no action was ever had thereon by the probate court.

In September 1861 the defendant married Henry A. Parker, whereby her office of administratrix became vacant; in 1862 dower was assigned to her in part of the mortgaged premises and in July 1865 the mortgagee assigned the mortgage to her.

On November 12, 1862, Charles F. Parker was appointed administrator *de bonis non*, and resigned November 11, 1863. On November 24, 1863, Clarence Jewett was appointed in his stead. At or soon after this appointment, a suit was pending against Luther Tarbell upon a bond in which Samuel A. Jewett was principal and himself surety, and in April 1864 judgment was given against Luther Tarbell, which he paid. The amount of the judgment was greater than the amount of personal property then in the hands of Clarence Jewett as administrator, and there were other debts of the intestate still unpaid. Upon a petition filed in June 1864, the probate court granted a license to Clarence Jewett to sell the real estate of the intestate for the payment of debts, and in September 1864 he sold the equity of redemption of the mortgaged premises to the plaintiff.

*T. Wentworth & A. F. Jewett*, for the plaintiff.

*T. H. Sweetser & F. A. Worcester*, for the defendant.

COLT, J. This is a bill to redeem a mortgage given by Samuel A. Jewett, who died in December 1858. The mortgage was assigned to the defendant in July 1865; and she also claims part of the mortgaged premises under an assignment of dower. The plaintiff's right to redeem is denied, and the title averred to be in the heirs of Jewett only.

The plaintiff claims to hold by deed from Clarence Jewett, administrator *de bonis non* of Samuel A. Jewett, who sold the equity of redemption to him under a license from the probate court to sell for the payment of debts, granted upon a petition filed in June 1864.

The validity of the conveyance to the plaintiff under this license and sale is disputed, mainly on the ground that, at the time of the petition to the probate court for leave to sell, the debts originally due from the estate were barred by the statute of limitations, and the administrator therefore could not legally resort to the real estate of the intestate for their payment.

It is well settled, that, unless there are in fact debts existing which can be enforced against the estate in the hands of the administrator, the probate court has no jurisdiction to license a sale of the real estate. And a sale and conveyance under a license so illegally obtained will be void as against the title of the heirs. It is further held, that the granting of a license is not conclusive upon the question of the existence of such debts. *Aiken* v. *Morse*, 104 Mass. 277. *Lamson* v. *Schutt*, 4 Allen, 359. *Heath* v. *Wells*, 5 Pick. 139.

It appears in this case, that, when the license to sell was granted, the time limited for the commencement of actions against the administrator by creditors had expired. The widow of the intestate was originally appointed administratrix February 1, 1859, and gave bond on that day. She gave notice of her appointment within the time required, and administered the estate until her authority was extinguished by her marriage in September 1861. No suit was commenced, and no steps were taken by creditors, which under our statutes would fix the liability of the administratrix to answer their demands out of the assets within her control, at the expiration of the two years limited for the commencement of proceedings. No lien therefore remained upon the real estate which could be availed of under a license to sell. *Aiken* v. *Morse*, 104 Mass. 277.

The plaintiff relies upon the fact that a few days before the expiration of the two years the estate was represented insolvent; and claims that thereafter, as no action could be brought against the administratrix, the debts against the estate were not barred. But a representation of insolvency, and the appointment of commissioners, though it changes the proceedings by which the creditor must enforce his demand, does not suspend or defeat the operation of the statute. He must still commence proceedings within the time prescribed, either by suit at law, or by prosecuting his claim to the commissioners of insolvency for allowance. And further, in this case the representation of insolvency was in fact made so near the end of the time that the right of the creditor to commence an action was secured to him by the Gen. Sts. c. 99, § 25, which gives that right if the insolvency is not act-

ally ascertained at the end of eighteen months from the granting of administration. The creditors have had, therefore, two full years within which to commence proceedings at law. And the express provision of the statute applies, which declares that no administrator shall be held to answer any suit not so commenced. Gen. Sts. *c.* 97, § 5.

The claim of Luther Tarbell does not appear to have been presented and acted upon by the probate court, in accordance with the provisions of the Gen. Sts. *c.* 97, § 8. It is only in that mode that the lien of such a creditor can be preserved beyond the two years. It is not a case of " new assets ; " Gen. Sts. *c.* 97, § 6 ; and the appointment of commissioners was too late to affect the question. The Gen. Sts. *c.* 97, § 8, and *c.* 99, §§ 5, 6, regulate the mode of proceeding in such cases ; but do not change the general rule as to the time within which proceedings must be commenced in order to charge the real estate with a lien.

The proceedings of the administrator *de bonis non* under the license of June 1864 were void. No title to the equity of redemption was conveyed thereby to the plaintiff. It had then vested in the heirs, against whom alone a creditor may proceed, whose right of action accrued after the time limited for suits against an administrator. Gen. Sts. *c.* 101, §§ 31, 32.

*Bill dismissed, with costs for the defendant.*