ALONZO V. BLANCHARD *vs.* JAMES G. ALLEN, administrator.

Hampden. Sept. 21, 1874. — Jan. 6, 1875. WELLS, J., did not sit. MORTON & ENDICOTT, JJ., absent.

The operation of the Gen. Sts. *c.* 97, § 5, limiting actions against an administrator to two years from the time of his giving bond, is not suspended by the Gen. Sts. *c.* 99, §§ 20, 25, relating to insolvent estates of deceased persons.

If commissioners, appointed under the Gen. Sts. *c.* 99, to take proof of claims against the insolvent estate of a deceased person, make no return to the Probate Court at the expiration of the time allowed for the performance of that duty, they may be compelled by that court, on motion of any party interested, to make their return.

The estate of a deceased person was represented insolvent, and commissioners were appointed under the Gen. Sts. *c.* 99, who passed upon all the claims of the creditors which were presented, and disallowed the plaintiff's claim. No return of their proceedings was made to the Probate Court. Further assets were received by the administrator, and all the debts were paid in full, except the plaintiff's. These payments absorbed the assets. After this, and more than two years after the administrator had given bond, the plaintiff brought an action of law against the administrator, whom he had notified of his claim within said two years. No new assets had come into the hands of the administrator. *Held,* that the action was barred by the special statute of limitations.

CONTRACT upon an account annexed for sawing lumber for Harvey Strong and Chester Strong. Writ dated October 12, 1872. Answer: 1. A general denial; 2. The general statute of limitations; 3. The special statute of limitations of actions against executors and administrators. Trial in the Superior Court, before *Aldrich,* J., who by consent of the parties before verdict withdrew the case from the jury, and reported it for the consideration of this court, in substance as follows:

Harvey Strong died May 16, 1862, and Chester Strong died February 27, 1863. They were copartners, and the sawing was done for the copartnership, in 1861. The defendant was appointed administrator of both estates on March 7, 1863, and filed his bond in both cases on that day, and gave due notice of his appointment within three months thereafter, and filed his affidavit of notice given as required by the order of the Probate Court. Harvey Strong left no individual assets; but his estate was not represented insolvent. The estate of Chester Strong was duly represented insolvent, February 2, 1864, and commissioners were appointed by the Probate Court the same day, and creditors were,

by the successive orders of the court, allowed one year within which to prove their claims. The commissioners received the claims of creditors and passed upon all that were presented to them, but they never made any return of their doings to the Probate Court. The defendant annexed to his petition to the Probate Court for leave to mortgage the real estate of his intestates, December, 1864, what he called in that petition a copy of the commissioners' report, by which it appeared that the claim now in suit was presented to the commissioners, and that nothing was allowed thereon. It did not appear affirmatively that the claim was disallowed. No appeal was claimed from the action of the commissioners in relation to this claim. The commissioners were never required by any special order of the Probate Court, except so far as such order was contained in their commission, to make any return of their doings, and nothing more than what has been already stated was done in or by the Probate Court in relation to the doings of said commissioners.

At the time of the death of the defendant's intestates, there was pending in the Supreme Judicial Court a bill in equity in their names for the redemption of certain real estate from a mortgage, the intestates claiming to be the owners of the equity of redemption. That suit was terminated in favor of the present defendant as administrator, by a decree passed at September term, 1864. As the result of the favorable termination of that suit the estate of Chester Strong proved to be solvent.

In December, 1864, leave was granted by the Probate Court to the administrator to mortgage the real estate aforesaid to pay all debts of the estates represented by him. The administrator did not avail himself of the leave granted, and the mortgage was not executed. In March, 1865, upon a petition presented for that purpose, the Probate Court granted leave to the administrator to sell real estate of his intestates to pay debts and expenses of administration, and a sale was effected for these purposes, May 24, 1865, sufficient to pay debts and expenses as represented in said petition. The proceeds of that sale have been absorbed in the payment of said debts and expenses. The assets belonging to the estate of Chester Strong and the said partnership, including the proceeds of said sale, proved more than sufficient to pay all the debts due from said Chester and the said partnership; and all

such debts, unless the plaintiff's present claim is a debt payable by said estates, were paid in full. No new assets of either estate have come into the hands of the administrator. This suit was not commenced until some time after the assets proved more than sufficient to pay all debts and expenses as aforesaid, and not until after all other debts had been paid and the insolvency proceedings ceased to be prosecuted. The defendant was notified, within two years after his appointment as aforesaid, by the plaintiff, that he claimed the account, here sued, to be due. If upon these facts the Supreme Judicial Court hold that the action cannot be maintained, judgment is to be entered for the defendant; if otherwise, the case is to stand for trial.

*C. L. Gardner*, for the plaintiff.

*A. L. Soule & E. H. Lathrop*, for the defendant.

GRAY, C. J. The plaintiff's right of action against the defendant as administrator of Harvey Strong is clearly barred by the statute limiting actions against executors and administrators to two years from the time of their giving bond. Gen. Sts. c. 97, § 5.

It is equally barred against the defendant as administrator of Chester Strong. Neither § 20 of c. 99 of the Gen. Sts., prohibiting the maintenance of an action against the administrator after the estate has been represented insolvent, unless the assets prove more than sufficient to pay all the debts allowed by the commissioners; nor § 25 of the same chapter, allowing any creditor whose claim has not been presented to the commissioners to bring an action thereon against the administrator, if it is not ascertained at the end of eighteen months after the granting of letters of administration whether the estate is or is not insolvent in fact; suspends the operation of the special statute of limitations. *Aiken* v. *Morse*, 104 Mass. 277. *Tarbell* v. *Parker*, 106 Mass. 347.

The commissioners were required by law, at the expiration of the time allowed by the Probate Court for the proof of claims before them, to make their return to that court. Gen. Sts. c. 99, § 4. Performance of that duty might be compelled, on motion of any party interested, by the order of the Probate Court which appointed them. If the commissioners did not seasonably make their return, the only remedy of the plaintiff was by application

to the Probate Court for such an order, and, if aggrieved by the decision of that court upon that application, by appeal to this court as the Supreme Court of Probate under the Gen. Sts. *c.* 117, § 8 ; and, if the return of the commissioners showed a disallowance of his claim as presented to them, by appeal to a court of common law under *c.* 99, § 8.

*Judgment for the defendant.*