ADIN THAYER, Judge of Probate, *vs.* CHARLES WINCHESTER.

Worcester. Oct. 4. — 20, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

The Probate Court has no jurisdiction to grant to an executor and residuary legatee, who has given a bond conditioned to pay debts and legacies, a license to sell the real estate of his testator for the payment of debts and charges of administration; and a sale under such license does not deprive the widow of a devisee of a portion of the land sold of her dower therein, or constitute a breach of the bond by which she is injured.

CONTRACT for the benefit of Elizabeth L. Corey, against a surety on a bond given by Jonas Corey, the executor and residuary legatee of Polly Corey. Trial in this court, without a jury, before *C. Allen*, J., who allowed a bill of exceptions, in substance as follows :

Polly Corey died on April 24, 1865, leaving a will, which was duly proved and allowed, and also leaving as her heirs two sons, Jonas Corey and Charles A. Corey. Jonas Corey was nominated executor of the will. He was duly appointed executor by the Probate Court on May 22, 1865, and gave the bond in suit,

which was conditioned to pay the debts and legacies of the testatrix.

The testatrix, after making a few specific and general legacies, gave and devised to her son Charles A. Corey one undivided half of her real estate situated in Ashburnham, and certain personal property, and then gave to Jonas Corey all the rest and residue of her property, real and personal. On April 27, 1865, Charles A. Corey gave to Jonas Corey a quitclaim deed of all his interest in the real estate of the testatrix. Elizabeth L. Corey was the wife of Charles A. Corey at the time of the death of the testatrix, and is now his widow, he having died on September 28, 1870.

On February 4, 1868, Jonas Corey filed an inventory of said estate, by which the real estate was appraised at $2750, and the personal estate at $728.75, and on that day he petitioned the Probate Court for a license to sell the whole of the real estate of the testatrix for the payment of debts and charges of administration, to which petition Charles A. Corey assented in writing. The petition was granted by the Probate Court on said February 4, Jonas Corey giving the bond required by law, and on November 10, 1868, he sold all of said real estate by public auction under said license of the Probate Court, for $2455; and on June 1, 1869, he rendered his account of administration on said estate in the Probate Court, charging himself, among other items, with the proceeds of said sale of real estate. To this account Charles A. Corey assented, and asked to have the same allowed.

Jonas Corey as executor has paid all the debts of the testatrix, and settled with Charles A. Corey, taking his receipt in full. The real estate of the testatrix consisted of houses and several lots of improved land in Ashburnham. Elizabeth L. Corey contends that the sale of the real estate bequeathed to her husband, Charles A. Corey, by Jonas Corey as executor, under the license of the Probate Court as above set forth, he having given a bond to pay the debts and legacies, was a breach of the conditions of said bond; that she was dowable in said real estate, and by said sale she has been deprived of her dower.

Upon these facts, the judge ordered judgment for the plaintiff; and the defendant alleged exceptions; and it was agreed

that, if the acts of the executor did not constitute a breach of the condition of the bond, judgment was to be entered for the defendant.

*H. C. Hartwell*, for the defendant.

*D. H. Merriam*, for the plaintiff.

DEVENS, J. That an action might be maintained on this bond for the benefit of Mrs. Corey, if she had been deprived, by the conduct of the executor in neglecting to pay the debts of the testatrix, of her dower estate in the land devised, and that she is a person entitled to the benefit of it, cannot be fairly controverted. The bond which the executor gave was one to pay debts and legacies. Its effect was to vest the real estate at once in the devisees, subject only to such right as exists in creditors to take it for the payment of their debts. Gen. Sts. *c.* 93, § 3. In the land devised to her husband, she had therefore at once an inchoate right of dower, which has since become absolute by his death, and with which she has not parted by any conveyance of her own. The bond which a residuary legatee may give to pay debts and legacies, if the judge of probate permits, is a conclusive admission of assets for those purposes, and the executor is not bound to return an inventory or an account to the Probate Court. It takes the place of the property in providing for the payment of debts and legacies, and is for the protection, not merely of all to whom they are immediately due, but of all who are legally interested that they shall be paid, and who are damnified if they are not so paid. *Jones* v. *Richardson*, 5 Met. 247. *Clarke* v. *Tufts*, 5 Pick. 337, 340. *Colwell* v. *Alger*, 5 Gray, 67. If Mrs. Corey, therefore, had lost this valuable estate in the land devised to her husband by reason of the neglect of the executor to pay the debts of the testatrix, and hence its appropriation by the creditors, she might maintain this action, as she was directly interested in the performance of the condition of the bond. *Paine* v. *Gill*, 13 Mass. 365.

No creditor levied upon the land devised and thus appropriated it. Gen. Sts. *c.* 93, § 4. But on February 3, 1868, Jonas Corey, the executor, petitioned the Probate Court for a license to sell the whole of the real estate of the testatrix for the payment of debts and charges of administration. On February 4, 1868, such a license was granted, and, acting thereunder, the executor

sold the whole of the real estate, including that devised to Charles A. Corey.

It is next to be considered whether the license was not wholly void for want of jurisdiction in the Probate Court. If so, no title passed to the purchaser, and Mrs. Corey has not been deprived of her right by virtue of any action which has been had thereunder. The Court of Probate is one of special and limited jurisdiction. If it exceed its powers, its decree may be avoided, not merely by appeal, but in collateral proceedings. The erroneous exercise of a power granted, or its indiscreet use, is to be remedied by appeal, but an act, for which no power is given to it, is simply a nullity. *Smith* v. *Rice*, 11 Mass. 507, 512. *Jenks* v. *Howland*, 3 Gray, 536. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Boston* v. *Robbins*, 126 Mass. 384, 388. *Pierce* v. *Prescott*, 128 Mass. 140, 143.

It is said by Chief Justice Shaw, in speaking of the Probate Court in *Peters* v. *Peters*, 8 Cush. 529, 543, " even where it has jurisdiction over the general subject," if it " exceeds its powers, or acts in a manner prohibited by law, its decrees . . . . are held entirely and absolutely void and of no effect, and may be set aside in any collateral proceeding by plea and proof."

No authority existed in the Probate Court to grant a license, to sell real estate, to a residuary legatee and executor, who had given bond such as that now in suit. A creditor might levy an execution on the real estate of the testatrix, which had not been sold by the executor to a purchaser in good faith and for a valuable consideration, if he obtained judgment upon his claim. Gen. Sts. c. 93, § 4. The Probate Court could not authorize the sale, when, by its acceptance of the bond to pay debts and legacies, it had permitted the real estate, subject only to this right of the creditor, to vest absolutely in those to whom it was devised by the will. It had relieved the real estate from its jurisdiction, and, when no inventory was to be returned, it could not know that the personal assets were not amply sufficient to pay the debts. The residuary legatee and executor, having once admitted assets, could not be allowed to deny the fact of their existence. Such admission was conclusive. To permit him to enforce a charge upon the real estate, when, by giving a bond, which stood in place of the property to all interested in the

administration, he had been allowed to dispense with the ordinary safeguards against waste, would be manifestly unreasonable. *Gore* v. *Brazier*, 3 Mass. 523, 542. *Clarke* v. *Tufts*, 5 Pick. 337, 339. *Thompson* v. *Brown*, 16 Mass. 172.

Where a bond for faithful administration is given, no license to sell the real estate will be granted to the executor, if those interested therein will give bond, to the approval of the Probate Court, to pay the debts and legacies. Gen. Sts. *c.* 102, § 9. By such a bond, as by the bond in suit, the place of the real estate, so far as it is needed for the payment of debts, &c., is supplied.

It is suggested that, even if the license to sell the real estate was improvidently granted, it was granted by a court of competent jurisdiction, and that no title thereunder can be avoided. The St. of 1864, *c.* 137, prescribes the requisites of a valid sale by executors, &c. under license of court, and directs that, where these are complied with, no sale shall be avoided by reason of irregularity in the proceedings. Among these it is required that the license shall appear to have been granted by a court of competent jurisdiction. Where a court is of special and limited jurisdiction, the facts essential to that jurisdiction must exist. To hold that, because, under certain circumstances or upon a certain state of facts, the Probate Court had jurisdiction to authorize the sale of real estate, it was a competent court when they did not exist, would be to treat what are sometimes termed jurisdictional facts as unimportant. While the effect of the St. of 1864, *c.* 137, and of the statutes that preceded it, (Rev. Sts. *c.* 71, § 38, *c.* 72, § 20, Gen. Sts. *c.* 102, § 47,) has not been the subject of extended discussion, it has been treated as indicating only that a license by the Probate Court to sell real estate was not to be held void by reason of anything which affected only the mode of proceeding, and not as sanctioning or ratifying acts or decrees which were without authority. Thus in *Hannum* v. *Day*, 105 Mass. 33, it was held that, to obtain a license to sell land of a deceased person to pay debts, under the Gen. Sts. *c.* 102, §§ 1–3, where there were two or more executors, all must join in the petition; and that a license granted upon the petition of one was invalid. In *Tarbell* v. *Parker*, 106 Mass. 347, a sale of real estate to pay debts was held to be void, because at the time of granting the license there were no unpaid debts for which the

estate of a deceased person was legally liable, the Probate Court having no jurisdiction to grant the license under such circumstances. Nor does it detract from the weight of the latter decision, upon this point, that the St. of 1874, c. 346, § 2, has since provided that, when a license is granted for the sale of real estate for the payment of debts of a deceased person, the decision of the Probate Court as to the existence of such debts shall be final, so far as the same shall affect any title acquired by virtue of such license.

The Probate Court in the present case had no competent jurisdiction to license a sale of the real estate of the deceased. A conveyance made under and by virtue of it would not operate to deprive Mrs. Corey of her title. As dowager, she was entitled to enforce her right, which was only inchoate when the sale was made, as soon as it became absolute by the death of her husband, by action against the purchaser. Whether she may now be affected by the statutes for the quieting of title, which prescribe that actions for the recovery of real estate sold by an executor or administrator shall be brought within a limited period, need not here be considered. See Pub. Sts. c. 142, § 21. If such shall prove to be the case, it will be because she has voluntarily permitted a void title to become available against her by her own neglect to pursue her rightful demand.

But even if she might enforce her right of dower against the purchaser, it is contended that she is entitled to a remedy on the bond, because, having undertaken to dispose of this property, the executor has been guilty of maladministration. But if the property remained hers, she was not damnified. Had the pretended sale been one which was *prima facie* good, and thus only to be avoided by proper proceedings, there would be much force in the position that she should not be driven to attack and set it aside, but should be permitted at once to avail herself of this remedy against the executor. Such, we have seen, is not the case.

Reliance is placed by her upon *Chapin* v. *Waters*, 110 Mass. 195, and especially on the language of Mr. Justice Ames, who delivered the opinion of the court; but an examination of that case shows it to be distinguishable. The executor there had given a bond in the usual form for faithful administration. He

petitioned for leave to sell the testator's real estate for the payment of debts and legacies, but, in the statement in the petition of the assets in his hands, he did not include a debt due from himself to the estate. Had he included it, (which was his duty,) the excess of liabilities over the assets in his hands would have been practically nothing. This was held to be a breach of his bond for faithful administration. It is said by Mr. Justice Ames, that the executor " cannot excuse himself, upon such a charge of maladministration, by leaving the injured parties to take the doubtful chance of vacating the sale which was wrongfully made, by a suit at law against the purchaser." The case before him was one in which the Probate Court had jurisdiction, but was deceived in the exercise of it by the false representation of the executor as to the amount of the assets. The party for whose benefit the suit was brought had a right, if he so desired, to consider the sale, however improperly made, as a sale in fact, and as a violation of the official bond of the executor. "As there were debts to justify it," Mr. Justice Ames remarks, " the decree licensing the sale of real estate cannot be set aside to the injury of a *bona fide* purchaser." In the present case, no title was conveyed; no proceedings were necessary to set aside the sale; the position of Mrs. Corey was not changed by any acts which the executor has done.

Nor is the fact that the executor received the money for this land, including presumably that for the right of dower, one which should make him liable upon this bond. The sureties upon it are not responsible for moneys which he may have wrongfully received, while acting under void decrees of the Probate Court. They are responsible that the debts and legacies shall be paid to any one who may be injured by the failure so to do, and no further. If Mrs. Corey retained her title to dower in the land, she is not such a person, as she suffered no injury.

*Judgment for the defendant.*