### WILLIAM H. GREGSON *vs.* ALBERT TUSON.

Worcester.    October 3, 1890. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Administrator — License to sell Real Estate.*

The Pub. Sts. c. 142, § 18, providing that no sale of real estate by an administrator "by license of court" shall be avoided because of any irregularity in the proceedings, apply only to sales authorized by the license; and the sale by an administrator of real estate beyond what is necessary to pay debts and charges of administration, under a license to sell only what is necessary for those purposes, is unauthorized, and is not cured by the statute, and is void.

CONTRACT to recover $727, the price of certain real estate. Trial in the Superior Court, before *Dunbar*, J., who refused to rule, as requested by the defendant, that there was no evidence to authorize a verdict for the plaintiff, but ordered a verdict for the plaintiff, and reported the case for the determination of this court. If the ruling was correct, the verdict was to stand; otherwise, a new trial was to be ordered. The facts appear in the opinion.

*F. A. Gaskill & E. H. Vaughan*, for the defendant.

*F. P. Goulding & W. Thayer*, for the plaintiff.

W. ALLEN, J. This is an action by an administrator to recover the purchase money for real estate of the intestate, sold to the defendant by the plaintiff under license of the Probate Court. The defendant denies the validity of the sale, and avers payment of the purchase money.

There were irregularities in the sale. The license was to sell so much of the real estate of the deceased as would raise the sum of four hundred and seven dollars for the payment of debts and

charges of administration. The notice was to sell the "home" farm," containing about thirty-five acres, and also two meadows containing two acres each. The sale to the defendant was of a parcel of the "home farm." The land sold to the defendant was subject to a mortgage which was supposed to amount to the value of the land, but it was sold as unincumbered property, for what the administrator assumed to be due on the mortgage debt. The alleged irregularities in this are in selling the estate as free from incumbrances, the administrator paying the debt, instead of selling the equity and the purchaser paying the debt; and in selling the whole of the parcel, instead of enough of it to produce the sum for which the sale was authorized.

The plaintiff offered a witness to prove the circumstances of the sale of the whole of the "home farm ; " the defendant objected, and the plaintiff was restricted to evidence concerning the sale of the parcel sold to the defendant. On the cross-examination by the defendant of the same witness, he testified that the farm was sold in two parcels; that the part on one side of a road was sold first for seven hundred dollars, and after that, the parcel in question on the other side was sold to the defendant. The defendant contends that the first parcel sold for enough to pay the debts for which the sale was authorized, and that the sale to him was therefore unauthorized. The plaintiff contends that the sale of the first parcel was not properly in evidence, and that it was not shown that the estate received anything for it. The alleged irregularity in this consists in selling more land than the license authorized. This irregularity, if it exists, as claimed by the defendant, is sufficient to avoid the sale unless cured by statute.

The Pub. Sts. c. 142, § 18, provide that no sale by an administrator " by license of court," and no title under such sale, shall be avoided on account of any irregularity in the proceedings, if it appears, "first, that the license was granted by a court of competent jurisdiction ; second, that the person licensed gave a bond which was approved by the judge of the Probate Court, if a bond was required upon the granting of the license; third, that the notice of the time and place of sale was given according to the order of the court; and, fourth, that the premises were sold by public auction in accordance with the notice, and are held by one who purchased them in good faith." In this

case, a sale was ordered by a court of jurisdiction competent to license the sale as it was made; no bond was required; notice of the time and place of sale was duly given; the premises were sold by public auction, in accordance with the notice to the defendant, who holds them, and who purchased them in good faith. There is no question for the jury upon any of these points. If the plaintiff might object that the defendant did not purchase in good faith, the defendant does not, and cannot, set up that defence. Upon the undisputed facts, the conditions exist upon which the statute declares that a sale by license of court shall not be avoided for any irregularity in the proceedings. The question then is whether the sale to the defendant was a sale "by license of court." The argument is, that the provisions of the statute apply only to sales authorized by a license, and that sales that have not been authorized by the court are not sales "by license of court." We think that this is the true construction of the statute, and that it is not to be construed to make a sale valid which the administrator was not authorized by his license to make, but to cure irregular proceedings in making the sale which he was licensed to make. This is the natural meaning of the language of the statute. The words, " No sale of real estate made by an executor, administrator, . . .. by license of court," naturally refer to a sale which he is authorized by license to make, and the fact that he is licensed to make other sales would seem to be immaterial.

In *Litchfield* v. *Cudworth*, 15 Pick. 23, the license was to sell real estate to produce the amount of six hundred and forty dollars, and the administrator sold the whole of the real estate of the intestate for nine hundred and fifty-three dollars and thirty-three cents. The court held that he was bound strictly to execute the authority given him, and that the sale of the whole under authority to sell a part was unauthorized and void. This was before the Revised Statutes, in which provisions like those in the Pub. Sts. c. 142, § 18, were first enacted.

The Rev. Sts. c. 71, § 38, provided that, in case of an action relating to any estate sold by an administrator, etc., the sale should not be avoided on account of irregularities, on certain conditions, the first of which was that the administrator " was licensed to make the sale, by a court of competent jurisdiction." This would seem plainly enough not to include sales not author-

ized, and that that was the understanding of the Commissioners who reported the provision is evident from their note to the section. Report of Commissioners on Rev. Sts. c. 71, § 38, note. The Gen. Sts. c. 102, § 47, read, "No action relating to an estate sold under this chapter . . . shall be avoided," on certain conditions, and the first condition was that set forth in § 38 of the Rev. Sts. c. 71. The St. of 1860, c. 60, repealed the Gen. Sts. c. 102, § 47, and made different provisions, but applied to sales by an administrator, etc., "authorized thereto by license of court." The St. of 1864, c. 137, repealed the St. of 1860, c. 60, and enacted the provision re-enacted in the Pub. Sts. c. 142, § 18, that no sale made by an administrator by license of court should be avoided on account of any irregularity in the proceedings, if it appeared that the license had been granted by a court of competent jurisdiction.

We have not been referred to any case in which a sale not authorized by the license has been held valid. In *Tarbell* v. *Parker*, 106 Mass. 347, no creditors had commenced suits within the time of limitation of suits against the administrator. Subsequently, a license was granted to sell real estate for the payment of debts, although no debts were existing which could be enforced against the estate. It was held that a sale under the license was void, for the reason that the court had no jurisdiction to grant the license. The statutes before cited were not referred to, and their construction was not involved in any of the cases cited in the opinion, nor have they been construed in any decision to which we have been referred. We cannot construe the statute as legalizing sales licensed by a court which had no authority to authorize them, nor sales not authorized by a license given by a court which had authority, in proper proceedings, to authorize them. The Legislature intended that the court should adjudicate upon the question whether the whole estate should be sold, as a distinct and separate matter from the question whether enough to pay debts should be sold; and that a license to sell enough to pay debts should not be a license to sell the whole.

The statutes and the cases distinguish between licenses to sell sufficient to pay debts, legacies, and charges of administration, and licenses to sell more than is necessary for that purpose. The latter can be granted only when the court judicially find,

upon representation in the petition, that a partial sale will greatly injure the residue. Pub. Sts. c. 134, §§ 5, 6. A license to sell more than is necessary for the payment of debts can be granted by the Supreme Judicial Court and by the Superior Court only on a petition alleging the necessity to sell more, with a certificate of the Probate Court of the necessity. Pub. Sts. c. 134, § 7. The Rev. Sts. c. 71, § 6, and the Gen. Sts. c. 102, § 6, required an administrator licensed to sell more than is necessary for the payment of debts to give a special bond to account for all proceeds remaining after the payment of debts and legacies, and dispose of them according to law. The general bond did not cover such proceeds. Gen. Sts. c. 94, § 2. See *Bennett* v. *Overing*, 16 Gray, 267. The St. of 1880, c. 152, in § 1, enlarged the condition of the general bond to include such proceeds, and in § 2 prohibited a special bond, and provided that the court before granting such license might require an additional general bond. But such changes would not affect the distinctive character of petitions to sell real estate necessary to pay debts, and of petitions to sell the whole of the real estate, or of some parcel of it, when a sale of part only was necessary to pay debts.

The statute under consideration is referred to in *Hannum* v. *Day*, 105 Mass. 33, and in *Thayer* v. *Winchester*, 133 Mass. 447. Some other cases in regard to probate licenses to sell real estate are *Norton* v. *Palmer*, 7 Cush. 523, 524; *Sewall* v. *Raymond*, 7 Met. 454; *Yeomans* v. *Brown*, 8 Met. 51; *Verry* v. *McClellan*, 6 Gray, 535; *Tenney* v. *Poor*, 14 Gray, 500; *Lamson* v. *Schutt*, 4 Allen, 359; and *Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262. The decisions that the sale of the whole under a license to sell a part are void, are in effect decisions that a license to sell a part is not a license to sell the whole, and that a sale of the whole upon a license to sell a part is not a sale by license.

We think that the plaintiff was not licensed to sell the whole of the parcel sold to the defendant, unless the sale of the whole was necessary for the payment of debts and charges of administration. See *Sewall* v. *Raymond*, 7 Met. 454. It does not appear that the sale of the whole was necessary; and that the heirs of the intestate may not be entitled to recover the estate from the defendant. The court therefore erred in ordering a verdict for the plaintiff.                              *New trial ordered.*