HENRY KAULBECK *v.* WILLIAM G. THOMPSON, ADMR.

Middlesex, February, 1902.

*Debts — Administrator's Lien — Actual Existence of Debts — Newly Discovered Assets — Laches.*

Locus in this case formed a part of the estate of Philip Whittemore, who died in 1848, intestate, and it was, among other parcels, set off to his widow as dower in 1850. After the death of the widow in 1872 a sale was made of locus, and deeds were obtained which purported to convey, (although in some cases ineffectually) the interest of all the Whittemore heirs. In the meantime one of the heirs, Henry W. Whittemore, had died in 1869, intestate, and in the same year his estate was represented insolvent, and Commissioners in insolvency were appointed. Henry W. Whittemore's interest in this particular tract of land was not inventoried, and was apparently not actually known to his administrator. In 1891 administration de bonis non of his estate was granted to the respondent, who proceeded to sell the interest which his intestate had had as reversioner in sundry parcels other than locus which had been set off to his father's widow in dower; but present locus did not appear in any of the proceedings. The petitioner claims title under an invalid deed from a putative guardian of the Henry W. Whittemore heirs, and has since acquired a good release from the heirs themselves.

The Examiner reported the question as to a lien on the part of the administrator de bonis non of the Henry W. Whittemore estate upon locus for the payment of his debts.

Service of process was made on him and he now appears and claims such lien.

Even granting that the debts proved before the Commissioners are not barred by any statute of limitations, and that the administrator is the proper and only person who can maintain such a lien, (Putney *v.* Fletcher, 148 Mass. 247), it still does not seem to me that the lien can be maintained in this case.

It is the policy of the law to secure the settlement of estates of deceased persons within the two years ordinarily allowed for that purpose, and that the real estate of the deceased may be held by his heirs or devisees after that time by a clear and marketable title. Lamson *v.* Schutt, 4 Allen, 359. It has been the immemorial policy of our law to keep real estate within the control of the living, and as far removed as possible from the power of the dead hand. Our courts have gone far in limiting a power of sale to an executor or administrator under a will to the immediate necessities of such settlement of the estate within the prescribed time. Allen *v.* Dean, 148 Mass. 594.

So far as the power of sale by statute is concerned, the question of a real living debt is essential. An administrator must plead the statute of limitations in favor of the heirs. Lamson *v.* Schutt, 4 Allen, 359. Indeed the actual existence of such indebtedness is a jurisdictional fact. Tarbell *v.* Parker, 106 Mass. 347. And even though, under the statute of 1874, the adjudication of the probate court as to the existence of such debts is made final, it seems to be questionable whether the court can affirmatively adjudicate its own jurisdiction. See the comment of Judge Fuller on that statute. Fuller's Probate Law, p. 272, (2d ed. p. 293), Thayer *v.* Winchester, 133 Mass. 447.

Whether or not the debts in this case, although not barred by statute, can be said to be real debts, for which a lien should exist enforceable at this late day against newly dis-

covered assets, such as property fraudulently conveyed by the intestate, or a bond for a deed in his favor, Welsh v. Welsh, 105 Mass. 229, Glines v. Weeks, 137 Mass. 547, I am of the opinion that no such lien can exist on property which was as much a part of the estate of the intestate in 1869 as it is to-day, and just as available then as now to the administrator; especially in view of the knowledge of the administrator de bonis non in 1891 of the existence of Henry W. Whittemore's share in the reversion in the widow's dower. Lamson v. Schutt, 4 Allen 359. Aiken v. Morse, 104 Mass. 277.

Decree for the petitioner.

Foster & Dennett for petitioner.

H. R. Bygrave for respondent.