MARY D. JELLISON vs. MABEL C. SWAN, Administratrix.

Penobscot.    Opinion May 1, 1909.

*Executors and Administrators.    Special Statute of Limitations.    Same Apply to*
*Claims against Estates Before and After Representation of Insolvency.    Same a*
*Bar, When.    Statutes (Mass.) 1791, chapter 28.    Statute, 1821, chapter 52,*
*section 26; 1872, chapter 85; 1883, chapter 243; 1889, chapter 120;*
*1903, chapter 198, section 3.. Gen. Statutes (Mass.) 1860, chapter 97,*
*section 5.    Revised Statutes, 1841, chapter 120, section 23;*
*1857, chapter 87, section 12; 1871, chapter 87, section*
*12; 1883, chapter 66, section 4; chapter 87,*
*section 121; 1903, chapter 68, section 14.*

The special statute of limitations of actions against executors and adminis-
trators applies to claims against estates after representation of insolvency
as well as before.    It is an absolute bar, unless the suit is brought before
the representation, or the claim is presented to the commissioners after-
wards within the period limited for bringing a suit.    The insolvency statute
changes the mode, but does not extend the time, of commencing process
for enforcing claims against estates.

On exceptions by defendant.    Sustained.

Action for money had and received brought in the Bangor
Municipal Court, against the defendant in her representative capacity
as "administratrix with the will annexed of the goods and estate
which were of Ora S. Pease at the time of his decease." The
defendant administratrix had duly represented the estate of the
deceased insolvent and thereupon commissioners were duly appointed
and meetings of the commissioners were duly held.    The plaintiff
having a claim against the estate of the deceased, presented it to
the commissioners at their last meeting and the same was duly
allowed by them.    Upon the acceptance of their report the defend-
ant administratrix duly appealed from the allowance of the plaintiff's
claim.    The plaintiff then, in accordance with Revised Statutes,
chapter 68, section 14, which provides that "When an appeal is so
taken,    .    .    .    .    the claim shall be determined in an action for

money had and received, commenced within three months after the report was made," etc., brought the aforesaid action to determine her claim.

When the action came on for hearing in the Bangor Municipal Court an agreed statement of facts was filed and it appearing from the agreed statement that the plaintiff's claim was presented to the aforesaid commissioners within "six months of the time of the appointment of said commissioners, but more than eighteen months after the affidavit had been filed in the Probate Court that notice had been given of said administratrix's appointment, no suit ever having been brought on said claim," the Judge of said court ruled, pro forma, "that Revised Statutes, chapter 89, section 14, did not apply to claims presented to commissioners in insolvency," and rendered judgment for the plaintiff for $121.73. To this ruling the defendant excepted and the case was certified to the Chief Justice of the Supreme Judicial Court in accordance with section 6, chapter 211, Private and Special Laws of 1895.

The case is stated in the opinion.

*Joseph F. Gould,* for plaintiff.

*Martin & Cook,* for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J. Chapter 120 of the Laws of 1899, which was an amendment of R. S., 1883, ch. 87, sect. 121, contained the following language :— "No action shall be maintained against executors or administrators on claims against the estate, except as provided in sections thirteen and fifteen, unless commenced after six months and within eighteen months after notice given by him of his appointment."

Revised Statutes, 1883, chap. 66, sect. 4, provided that the commissioners, appointed by the probate court to receive and decide upon the unpreferred claims against an estate represented insolvent, "shall appoint convenient times and places for their meetings, and give notice thereof, as the judge directs. Six months after their

appointment shall be allowed in the first instance for the presentation of claims. An additional time, not exceeding in the whole eighteen months, may be allowed therefor."

In this case, an administratrix with the will annexed gave notice of her appointment in May, 1902. In July, 1903, she represented the estate insolvent, and commissioners were appointed. Regularly appointed meetings of the commissioners were held September 1, and December 29, 1903. At the latter meeting, the plaintiff presented her claim against the estate, and it was allowed by the commissioners. Upon the acceptance of their report, the administratrix appealed ; and the plaintiff brings this action, under R. S., ch. 68, sect. 14, to determine the appeal.

Inasmuch as the claim was not presented to the commissioners within eighteen . months after the administratrix gave notice of her appointment, the defendant contends that it was barred by the special statute of limitations, above cited, before it was presented to the commissioners, although that presentation was within six months after their appointment. On the other hand, the plaintiff claims that the limitation was extended by the representation of insolvency and the appointment of commissioners for the period of six months thereafter. The question thus raised is purely one of statutory interpretation, and the answer depends upon the proper construction of the two statutes quoted at the beginning of this opinion, both of which were in force in 1903. See Laws of 1903, ch. 198, sect. 3.

The question may be stated in a simple form in this manner :— Does the phrase "no action shall be maintained" in the statute of 1899, include proceedings for the allowance of claims against insolvent estates?

It is evident that in some cases the time limited may be shortened by insolvency proceedings, unless "an additional time" is allowed by the judge of probate for presenting claims. May it be lengthened? We think not.

When the expressions in two statutes relating to the same subject matter are seemingly inconsistent, or their interpretation doubtful, we frequently obtain light by studying the history of the statutes. We may do so now.

In the earlier statutes, 1821, ch. 52, sect. 26, and R. S., 1841, ch. 120, sect. 23, it was said "that no executor or administrator shall be held to answer to any suit" unless commenced within four years from the time of his accepting the trust. In R. S., 1857, ch. 87, sect. 12, and R. S., 1871, ch. 87, sect. 12, the language was, "no executor or administrator shall be compelled to defend a suit commenced against him . . . after four years." In St. 1872, ch. 85, the phraseology was "no suit · . . . shall be maintained, unless commenced" etc. In St. 1883, ch. 243, and since, the phrase has been "No action shall be maintained" etc., St. 1899, ch. 120. We think these changes in phraseology have in nowise changed the sense of the statute. But the statute of 1821 contained also these words : "and filing a claim with the commissioners upon an estate represented insolvent shall be esteemed equivalent to originating a suit against executors or administrators, within the meaning of this Act." This was a legislative interpretation of the word "suit" as used in this connection.

In *Parkman* v. *Osgood*, 3 Maine, 17, a judge of probate, after the four years limitation had expired, opened the commission in an insolvent estate, and granted additional time for the proof of a claim. On an appeal from the allowance of the claim, the court in discussing the Massachusetts statute of 1791, ch. 28, of which our 1821 statute was a copy, said : "When an estate is not represented insolvent, any creditor, . . . . must commence it [suit] within four years, or he will be barred. If the estate should at any time within the four years be represented insolvent, then the statute bar will be avoided by filing his claim with the commissioners *at any time within that period*. If an estate is represented insolvent by the executor or administrator immediately on his acceptance of that trust, and only a portion of the eighteen months which a judge of probate may by law allow to creditors to bring in and prove their claims before commissioners has in fact been allowed, suppose six months, as in the case before us,—the creditor must prove his claim within the six months, or obtain the allowance of further time, by applying to the judge of probate for that purpose, *and filing his claim within the four years*. . . . The plaintiff, by more

vigilance, might have procured the opening of the commission and the allowance of his claim *within the four years;* but he omitted to take any measures for his own benefit until it was too late." See *Todd* v. *Darling*, 11 Maine, 34.

It is to be observed, however, that in the general revision of 1841, the limitation statute of 1821 was condensed, and the legislative definition of what should be deemed a "suit," above referred to, was omitted. But we are not persuaded that this worked a change in the law. It is true that in *Greene* v. *Dyer*, 32 Maine, 460, decided in 1851, the court used this language:—"The four years limitation, relied on in the first reason for the appeal, applies only to suits brought, and not to proceedings in the probate court." But in that case, the proceeding was not the presenting and proof of a claim before commissioners, a proceeding in some respects analogous to a suit, but it was a petition that an administratrix settle a further account, so that credit might be given to the petitioner for a judgment which he had already recovered against her, within the limitation period, on appeal from a disallowance of a claim by commissioners in insolvency. That clearly is not this case. To such a proceeding in probate court, it is clear, as was held, that the special statute of limitations does not apply. The language of the court must be applied to the case then in hand. And so in *Thurston* v. *Lowder*, 47 Maine, 72, a case arising under another section of the statute, which extended the period of limitation, when new assets were discovered, the court in the discussion quoted from *Greene* v. *Dyer* the language which we have quoted above, and then threw a shadow of doubt over that case by saying, "The opinion in that case was delivered orally, and evidently did not receive much consideration. We have no occasion, however, at this time, to question its authority."

Of course, the period of limitation may be shortened if the representation of insolvency is made more than six months before its expiration, unless an additional time be granted. Otherwise a creditor has the full period in which to proceed. He may bring a suit at law up to the time the estate is represented insolvent. After that he may at any time within the eighteen (now "twenty," St.

1907, c. 186) months present to the commissioners his claim supported by affidavit. He cannot be cut off by the administrator in making the representation, nor by the commissioners in appointing the hearings for dates after the limitation has expired. In the case at bar, one meeting was held during the period of limitation. But that is immaterial. It might have been otherwise. The meetings are held at appointed times for hearing and allowing claims. But claims may be presented at such meetings or any other time, and when presented, the operation of the limitation statute is interrupted. The hearing may be had afterward. In this respect the analogy between such proceedings and suits at law is complete.

While the statute allows full six months for the presentation of claims, only such claims can be allowed as are not barred, when presented, by the special statute of limitations, or by the general statute of limitations, or by some other principle of law. The question always is,—Was the claim alive and enforceable when presented?

Accordingly we hold, contrary to the ruling below, that the presenting of a claim to commissioners "is to be esteemed equivalent to originating a suit," in the language of the act of 1821, and that the special statute of limitations of actions against executors and administrators applies to claims against estates after representation of insolvency as well as before. It is an absolute bar unless suit is brought before the representation, or the claim is presented to the commissioners afterwards, within the period limited. The insolvency statute changes the mode, but does not extend the time, of commencing process for enforcing claims against estates.

This same question has been decided in the same way by the court in Massachusetts. In *Aiken* v. *Morse*, 104 Mass. 277, that court had under consideration the effect of the Massachusetts special statute of limitation, Gen. Stat. (1860) ch. 97, sect. 5, upon claims against insolvent estates. That statute is in all essential respects like our own. The court used this language : —

"This (the plaintiff's contention) would be in effect to hold the representation of insolvency and the appointment of commissioners as the commencement of proceedings in behalf of all creditors, with-

out regard to the time when the individual creditor should commence his suit by presenting his claim for proof. But it is clear from the statutes that such is not the intent of the provisions relating to insolvent estates of persons deceased. Those provisions change the mode in which the creditor may prosecute his claim, but do not in any way relieve him from the limitation which restricts his right to proceed and to hold the administrator to answer, to two years from the giving of the bond. *The presentation of his claim to the commissioners by the creditor is the commencement* of his proceedings or suit for its enforcement against the estate ; and the statute applies to a proceeding in that mode as well as to a suit at law." Then after stating that a statutory provision for the allowance of further time for creditors to present and prove their claims, and also a provision for the appointment of a new commissioner, and a still further allowance of time, do not necessarily imply an extension of time beyond the two years to which the liability of the administrator is limited, the court added :—"It may sometimes be necessary that the time for investigating claims presented, completing the proofs and making the return thereof should extend beyond the two years ; but there is nothing in these provisions which indicates that the creditor is to be relieved from his obligation to commence his proceeding, either at law or before the commissioners, within the two years prescribed." This view is restated and affirmed in *Tarbell* v. *Parker*, 106 Mass. 347, and *Blanchard* v. *Allen*, 116 Mass. 447. And we think it is the correct view.

*Exceptions sustained.*